[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This trip-and-fall case has been tried to the Court. For the reasons set forth below, judgment must enter for the defendant.
The incident in question occurred on August 11, 1992, when the plaintiff, Carole Caggiano ("Caggiano"), tripped and fell on a landing located on a staircase leading to the entrance of 200 Orange Street in New Haven. The property in question is owned by the defendant City of New Haven ("City"). By extraordinarily bad fortune, Caggiano, who had just had a post-surgical cast removed from her right hand, fell on that hand, sustaining serious injury. The initial question that must be determined by the Court, however, is whether the City, which is the sole defendant in the case, is liable for her injury.
Caggiano commenced this action by service of process on July 27, 1994. Her Amended Complaint consists of three counts. Her first count alleges a violation of Connecticut's defective road statute, Conn. Gen. Stat. § 13a-149. Caggiano withdrew this count at argument. Her second count claims liability under Conn. Gen. Stat. § 52-557n, which addresses the liabilities and immunities of political subdivisions. Her third count is a loss of consortium claim by her husband, Leonard Caggiano. Because liability on the third count is wholly derivative and because the Court finds that there is no liability on the second count, the third count will require no further discussion. The City has asserted a number of special defenses, but the Court's analysis with respect to liability also CT Page 1157 makes discussion of those defenses unnecessary.
The case was tried to the Court on December 20, 2000. Following the submission of posttrial briefs, the case was argued on January 18, 2001.
The evidence establishes the following geography with respect to the location of Caggiano's fall at the time in question. Orange Street is a street running from north to south in downtown New Haven. A sidewalk runs along the west side of Orange Street. Beyond the sidewalk, further to the west, is a plaza, known as the Hall of Records Plaza, level with the sidewalk. Beyond the plaza, still further to the west, is a staircase leading to the entrance of 200 Orange Street. The staircase climbs upwards to the west, so that its direction is perpendicular to the direction of Orange Street. The staircase consists of eleven steps going up from the plaza, followed by a landing on the level of the top of the eleventh step. Beyond the landing are two additional steps leading to the building entrance.
At approximately 2:30 P.M., Caggiano tripped on a pile of debris located on the landing of the staircase just described. It was a sunny August day. While there were numerous other persons in the vicinity using the staircase, there was nothing to prevent Caggiano from seeing the pile of debris as she ascended the stairs. She was looking ahead as she walked, so that at some point as she ascended her line of sight would have pointed directly at the debris in question. She did not, however, see the debris, and she tripped on it, sustaining serious injury.
There is no evidence, other than speculation, as to how the debris came to be on the landing. There is credible evidence that City workers regularly swept the stairs at 1:00 P.M., but there is no evidence as to what, if anything, happened in the ninety-minute period between the 1:00 sweeping and Caggiano's 2:30 fall. There is no evidence of other injuries or of any construction or repair at this location. Caggiano's theory of the case is that the debris was the result of negligent sweeping by a City worker, either by accumulating the debris or by failing to remove it, but that theory is grounded in speculation. No evidence precludes the possibility that the debris was deposited by a third party between 1:00 and 2:30 P.M.
The cause of action set forth in the second count of the Amended Complaint must now be considered in light of the facts found by the Court.
The second count of the Amended Complaint must now be considered. That count, as mentioned claims liability under Conn. Gen. Stat. § 52-557n. Although numerous special defenses have been asserted, I cannot find that CT Page 1158 Caggiano has proven a prima facie case on this count. Conn. Gen. Stat. § 52-557n(a)(1) provides that, "Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties. . . ." Caggiano has failed to prove negligence on the part of either the City or any of its employees, officers or agents. There is no credible evidence of any such negligence. Nothing in the evidence precludes the possibility that the debris in question was deposited by a third party between the City's 1:00 P.M. sweeping and Caggiano's 2:30 P.M. fall. There is no credible evidence that the City or any of its employees, officers or agents had either actual or constructive notice of the debris. There is no credible evidence that the debris had been in the location in question for any appreciable period of time prior to Caggiano's fall. While it is possible that the debris had been in place for a significant period of time, there is insufficient evidence to transform this possibility into a probability. Without credible evidence that the debris had been in place for a significant period of time, a judicial finding to this effect would inevitably be the product of speculation rather than a determination based on the evidence.
The second count of the Amended Complaint does not refer to the other potential sources of municipal liability under Conn. Gen. Stat. §52-557n — viz. activities involving special corporate profit or pecuniary benefit, and nuisance. The wording of the second count squarely asserts negligence. Under these circumstances, Caggiano cannot prevail on the second count of her Amended Complaint.
As mentioned, liability on the third count of the Amended Complaint, alleging loss of consortium by Caggiano's spouse, is wholly derivative and cannot be established in the absence of liability on the second count. Under the circumstances, the court need not determine whether loss of consortium damages may be awarded under § 52-557n.
For the reasons set forth above, judgment shall enter for the defendant on the second and third counts of the Amended Complaint.
Jon C. Blue Judge of the Superior Court